JOSEPH IERARDI, Appellant, v. REISBERG & REINER, INC., Defendant, and BROADTOWN CONSTRUCTION CO., INC., Respondent.— In an action to recover damages for personal injuries sustained by plaintiff when struck by a brick which fell through an opening in the third floor of a building on which alterations were in progress, order setting aside a verdict for $9,000 in plaintiff's favor modified so as to provide that a new trial be granted, costs to abide the event, and as so modified unanimously affirmed, without costs. The respondent, by its answer, admitted that it was the general contractor, and that Reisberg & Reiner, Inc., was one of its subcontractors. The respondent's only liability, if any, was under rule 1237 of the Industrial Code, Bulletin No. 23, which rule was not received or offered in evidence, and was improperly read to the jury by the court in its charge. The court erred in leaving to the jury the question of the applicability of subdivision 5 of section 241 of the Labor Law. The amount of the verdict indicates a finding by the jury that plaintiff sustained a fracture of his skull, which finding is clearly against the weight of the evidence. Present — Lazansky, P. J., Hagarty, Tompkins, Davis and Johnston, JJ.

In the Matter of the Application of AUGUSTA P. DREYFUSS, Respondent, for an Order to Examine TITLE GUARANTEE AND TRUST COMPANY, Appellant.— Appeal from order denying a motion to vacate an ex parte order for the examination of the proposed defendant, before action brought, to obtain information to frame a complaint. The affidavit submitted in support of the motion shows that the proposed plaintiff has ample information upon which to predicate a complaint based upon information and belief. Therefore, there is no necessity for the examination. Order reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Lazansky, P. J., Young, Carswell, Davis and Johnston, JJ., concur.

In the Matter of the Judicial Settlement of the Final Account of Proceedings of RUDOLPH DUGAN, as Executor, etc., of CORNELIA DUGAN, Deceased. RUDOLPH DUGAN, Individually and as Executor, etc., Appellant; RODERICK DUGAN and Another, Respondents.— Decree of the Surrogate's Court of Nassau county on the settlement of the final account of the executor modified by striking therefrom the charge against the estate of $68 for the stenographic minutes ordered by and furnished to the surrogate, and by reducing the allowance to the attorney for the respondents, Roderick and Marjorie J. Dugan, from the sum of $500 to $240, and as so modified, the decree is unanimously affirmed, in so far as appealed from, with costs to the appellant and the respondents, payable out of the estate. The charge against the estate of $68 for stenographic minutes furnished to the surrogate is unauthorized. Section 300 of the Judiciary Law requires a copy of such minutes to be furnished gratuitously. The allowance to the respondents of $500 for the services of their attorney is excessive and is unauthorized by section 278 of the Surrogate's Court Act. The finding of the surrogate in favor of the respondent Marjorie J. Dugan is supported by clear and convincing proofs. The disallowance of the claim of the executor against Roderick Dugan for rent, and the disallowance of the executor's claim against him for the value of personal property in excess of the amount allowed by the surrogate, were proper. Present — Lazansky, P. J., Hagarty, Tompkins and Johnston, JJ.; Davis, J., not voting.